UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| Clara Lewis Brockington, ) | Civil Action No.: 4:20-cv-03270-RBH |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| Kimbrell's Furniture of Florence, *et al.*, ) | |
| ) | |
| Defendants. ) | |
| _____) | |

This matter is before the Court for consideration of Plaintiff Clara Lewis Brockington's objections to the Report and Recommendation ("R & R") of United States Magistrate Judge Thomas E. Rogers, III, who recommends summarily dismissing her amended complaint without prejudice.[1] *See* ECF Nos. 16 & 18.

**Standard of Review**

The Magistrate Judge makes only a recommendation to the Court. The Magistrate Judge's recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). The Court must conduct a de novo review of those portions of the R & R to which specific objections are made, and it may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).

The Court must engage in a de novo review of every portion of the Magistrate Judge's report

---

[1] The Magistrate Judge issued the R & R in accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.). The Court is mindful of its duty to liberally construe Plaintiff's pro se filings. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (recognizing "[a] document filed *pro se* is to be liberally construed" (internal quotation marks omitted)). *But see United States v. Wilson*, 699 F.3d 789, 797 (4th Cir. 2012) ("Although courts must liberally construe the claims of *pro se* litigants, the special judicial solicitude with which a district court should view pro se filings does not transform the court into an advocate." (internal citations, quotation marks, ellipsis, and brackets omitted)).

to which objections have been filed. *Id.* However, the Court need not conduct a de novo review when a party makes only "general and conclusory objections that do not direct the [C]ourt to a specific error in the [M]agistrate [Judge]'s proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). In the absence of specific objections to the R & R, the Court reviews only for clear error, *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005), and the Court need not give any explanation for adopting the Magistrate Judge's recommendation. *Camby v. Davis*, 718 F.2d 198, 199–200 (4th Cir. 1983).

**Discussion**

Plaintiff has filed an amended complaint alleging she purchased damaged furniture from a Kimbrell's store in Florence, South Carolina, and protesting "Defendants' negligence [in] not fulfilling their written and verbal contract to repair or replace the furniture that was under warrant[y]." *See* ECF No. 11.[2] Plaintiff sues the furniture store and corporation, a repair company, an insurance company, and various employees of each. The Magistrate Judge recommends summary dismissal for lack of subject matter jurisdiction because (1) no diversity jurisdiction exists (as Plaintiff alleges she and a defendant are both South Carolina citizens), (2) no federal question jurisdiction exists (as Plaintiff's allegations do not satisfy the $50,000 amount-in-controversy requirement of the Magnuson-Moss Warranty Act ("MMWA")[3]), (3) Plaintiff has no viable claim under 42 U.S.C. § 1983, (4) the *Rooker-Feldman*[4] doctrine may bar this action, and (5) supplemental jurisdiction is not available. *See* ECF No.

---

[2]     Plaintiff filed the amended complaint after the Magistrate Judge notified her of pleading deficiencies and provided her an opportunity to amend. *See* ECF No. 8.

[3]     15 U.S.C. §§ 2301–2312.

[4]     *D.C. Court of Appeals v. Feldman*, 460 U.S. 462 (1983); *Rooker v. Fid. Tr. Co.*, 263 U.S. 413 (1923)).

16 at pp. 2–7.

Plaintiff specifically objects to the Magistrate Judge's recommendation regarding the MMWA, asserting there is "federal question jurisdiction . . . for $50,000 to be paid to Pro Se Plaintiff under the MMWA (Magnuson-Moss Warranty Act)." ECF No. 18 at p. 10.[5]

The MMWA provides "a private right of action to consumers 'damaged by the failure of a supplier, warrantor, or service contractor to comply with a written warranty, implied warranty, or service contract.'" *Seney v. Rent-A-Ctr., Inc.*, 738 F.3d 631, 633 (4th Cir. 2013) (ellipsis omitted) (quoting 15 U.S.C. § 2310(d)(1)). An aggrieved consumer can file an MMWA claim in either state or federal court, *see* 15 U.S.C. § 2310(d)(1)(A)–(B); however, at least $50,000 must be in controversy to establish federal jurisdiction. *Id.* § 2310(d)(3); *see Saval v. BL Ltd.*, 710 F.2d 1027, 1029–30 (4th Cir. 1983) (discussing the $50,000 requirement and recognizing § 2310(d) "is a restriction on the exercise of subject matter jurisdiction" and "is designed to restrict access to federal courts").[6] The $50,000 amount-in-controversy requirement excludes interests and costs, attorney's fees, and pendent state-law claims, *Saval*, 710 F.2d at 1032–33; *Misel v. Mazda Motor of Am., Inc.*, 420 F. App'x 272, 274 (4th Cir. 2011); and given South Carolina law, punitive damages cannot "be added to the amount in controversy

---

[5] Plaintiff does not specifically object to the Magistrate Judge's other recommendations, including the lack of diversity jurisdiction. *See Martin v. Duffy*, 858 F.3d 239, 245 (4th Cir. 2017) ("[A] party must object to the finding or recommendation on that issue with sufficient specificity so as reasonably to alert the district court of the true ground for the objection."); *Knox v. Magera*, 813 F. App'x 111, 112 (4th Cir. 2020) (recognizing objections must be "specific to the particularized legal recommendations made by the magistrate judge").

Plaintiff's objections also allege various constitutional violations, cite an Australian law (the Crimes Act 1958), and contain conclusory allegations of discrimination, ECF No. 18 at pp. 7–10, but none of these allegations state a plausible federal claim. *See generally Barrett v. PAE Gov't Servs., Inc.*, 975 F.3d 416, 434 (4th Cir. 2020) ("Ordinarily, private actors are not liable under 42 U.S.C. § 1983, because the statute only provides relief for deprivations of constitutional rights by state actors."); *Simpson v. Welch*, 900 F.2d 33, 35 (4th Cir. 1990) ("[C]onclusory allegations of discrimination and harassment do not state a claim upon which relief can be granted.").

[6] "[T]he $50,000 jurisdictional requirement only applies to claims brought in federal court; litigants may still raise smaller claims in state court[.]" *Torres-Fuentes v. Motorambar, Inc.*, 396 F.3d 474, 476 (1st Cir. 2005).

in order to reach the jurisdictional amount." *Saval*, 710 F.2d at 1033 (finding state "law governs the availability of punitive damages under the Act"); *see Carlson v. Gen. Motors Corp.*, 883 F.2d 287, 291 (4th Cir. 1989) ("[A]s to both implied and written warranties, Congress intended the application of state law, except as expressly modified by Magnuson-Moss, in breach of warranty actions." (ellipsis omitted)); *Wise v. Gen. Motors Corp.*, 588 F. Supp. 1207, 1209 (W.D. Va. 1984) ("[T]he measure of damages and the nature of damages under state law are applicable to the Magnuson-Moss Warranty Act."); *Rhodes v. McDonald*, 548 S.E.2d 220, 222 (S.C. Ct. App. 2001) ("[D]amages recoverable for breach of warranty [are limited] to actual, incidental, and consequential damages." (citing S.C. Code Ann. §§ 36–2–714, –715)).

Here, Plaintiff alleges she "purchased the den set which included a sofa, short chair and love seat," received a three-year warranty on the furniture, and subsequently had "problems with the back of the sofa and sitting pillows." ECF No. 18 at p. 1. Attachments to her objections indicate the purchase price of the furniture was $1,437.21. *See* ECF No. 18-1 at pp. 6, 14–15. Again, "to give this court jurisdiction over the MMWA claim[,] Plaintiff[] must be seeking $50,000 in damages for breach of warranty under the MMWA." *Collins v. Computertraining.com, Inc.*, 376 F. Supp. 2d 599, 602 (E.D. Va. 2005). Plaintiff clearly does not satisfy the MMWA's $50,0000 amount in controversy requirement, and therefore the Court lacks subject matter jurisdiction over her MMWA claim. *See, e.g.*, *Barnes v. West, Inc.*, 249 F. Supp. 2d 737, 739 & n.4 (E.D. Va. 2003) (finding the $50,000 requirement was not met because "[t]he purchase price of the car was only $18,235.85").

The Court lacks subject matter jurisdiction over this action and will therefore dismiss Plaintiff's amended complaint without prejudice. *See* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."); *S. Walk at Broadlands*

*Homeowner's Ass'n, Inc. v. OpenBand at Broadlands, LLC*, 713 F.3d 175, 185 (4th Cir. 2013) (explaining a dismissal for lack of subject matter jurisdiction "must be one without prejudice").

## Conclusion

For the foregoing reasons, the Court **ADOPTS** the Magistrate Judge's R & R [ECF No. 16] and **DISMISSES** Plaintiff's amended complaint *without prejudice* and without issuance and service of process.[7]

**IT IS SO ORDERED.**

Florence, South Carolina
November 19, 2020

s/ R. Bryan Harwell
R. Bryan Harwell
Chief United States District Judge

---

[7] As indicated above, Plaintiff had an opportunity to amend her complaint. *See generally Goode v. Cent. Va. Legal Aid Soc'y, Inc.*, 807 F.3d 619, 624 (4th Cir. 2015), *abrogated in part by Bing v. Brivo Sys., LLC*, 959 F.3d 605, 611–12 (4th Cir. 2020).